UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM HOSS,

       Petitioner,

                                CASE NO. 2:09-CV-12208
v.                          JUDGE VICTORIA A. ROBERTS
                                MAGISTRATE JUDGE PAUL KOMIVES

HUGH WOLFENBARGER

       Respondent.
_____/

## REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (docket #10)

I.      RECOMMENDATION: The Court should conclude that petitioner's application for the writ of habeas corpus is barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion for summary judgment (docket #10). If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II.     REPORT:

A.     *Procedural Background*

Petitioner William Hoss is a state prisoner, currently confined at the Macomb Correctional Facility in New Haven, Michigan. Petitioner is serving a sentence of 5-30 years' imprisonment imposed as a result of his 1996 plea-based convictions for four counts of home invasion in the Saginaw County Circuit Court. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

- Petitioner pleaded guilty to four counts of second-degree home invasion on July 11, 1996. On August 22, 1996, the Court imposed its sentence.

- Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising claims of illusory plea and ineffective assistance of counsel. On March 31, 1998, the court of appeals denied petitioner's delayed application for leave to appeal in a standard order, "for lack of merit in the grounds presented." *People v. Hoss*, No. 202632 (Mich. Ct. App. Mar. 31, 1998).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court. On June 5, 1998, petitioner's application for leave to appeal was rejected by the court because it was filed beyond the 56 days period for filing an appeal.

- On August 2, 2005, petitioner filed a request for appointment of appellate counsel in the trial court, based on the Court's decision in *Halbert v. Michigan*, 545 U.S. 605 (2005). On August 12, 2005, the trial court granted petitioner's motion and appointed counsel.

- Dissatisfied with counsel's performance, petitioner filed motions for substitution of counsel, discovery, and an evidentiary hearing. The trial court denied the motions on February 15, 2006. Counsel then filed a motion to withdraw, which was granted by the trial court on March 20, 2006. Petitioner filed another motion for appointment of substitute counsel, which was denied by the trial court on June 12, 2006.

- On July 31, 2006, petitioner filed an application for leave to appeal the trial court's denial of his request for appointed counsel in the Michigan Court of Appeals, claiming that the trial court erred in denying appointed counsel and that trial counsel was ineffective in connection with the plea. On November 8, 2006, the court of appeals denied petitioner's application for leave to appeal in a standard order, "for lack of merit in the grounds presented." *People v. Hoss*, No. 272028 (Mich. Ct. App. Nov. 8, 2006).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Supreme Court denied petitioner's application in a standard order on June 23, 2008. *See People v. Hoss*, 481 Mich. 910, 750 N.W.2d 178 (2008).

On June 1, 2009, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] As grounds for the writ, petitioner contends that trial counsel was ineffective,

---

[1] Although petitioner's application is file-stamped June 8, 2009, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is dated June 1, 2009. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on June 1, 2009.

the state suppressed exculpatory evidence, and that he was denied his right to counsel on appeal. Petitioner also contends that he is entitled to equitable tolling of the limitations period and to an evidentiary hearing. Respondent filed a motion for summary judgment on December 14, 2009. On January 14, 2010, I entered an Order granting petitioner until March 12, 2010, to file a response. As of the date of this report, no response has been filed. For the reasons that follow, the Court should grant respondent's motion for summary judgment.

B.     *Analysis*

   1.     *Statutory Timeliness and Tolling*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

>    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>    (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[2]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. Assuming that the commencement date established by subparagraph (A) applies here, petitioner's application is untimely. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
> In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, petitioner's direct appeal concluded with the Michigan Supreme Court's rejection of

---

[2]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

his untimely application for leave to appeal on June 5, 1998. Petitioner's conviction became final 90 days later when the time for seeking *certiorari* in the United States Supreme Court expired.[3] Petitioner's conviction therefore became final on September 3, 1998, and the limitations period began to run on that date. Thus, the limitations period expired one year later, on September 3, 1999. Because petitioner did not file his habeas application until June 1, 2009, it is untimely unless the limitations period was tolled for any reason.

Under § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Petitioner's filed a motion for appointment of counsel in the trial court on August 5, 2005. Assuming that this motion and the associated proceedings constitute "applications for State post-conviction review" under § 2244(d), petitioner's application is nevertheless untimely. At the time petitioner filed his motion, the limitations period had been expired for nearly six years. It is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.). This state court proceeding therefore had no tolling effect and petitioner's habeas application is untimely. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); *Smith v. Stegall*, 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001)

---

[3]Because petitioner's application for leave to appeal was not timely, there is a question whether petitioner's conviction actually became final on the expiration of the 56 day period, and as to whether petitioner may benefit from the additional 90 day period in which to file a petition for *certiorari*. Respondent, giving petitioner the benefit of the doubt, assumes that petitioner's conviction did not become final until 90 days after the Michigan Supreme Court's actual rejection of his untimely petition, and I therefore do likewise.

(Gadola, J.); *Neal v. Bock*, 137 F. Supp. 2d 879, 884 (E.D. Mich. 2001) (Lawson, J.).

    2. *Delayed Commencement*

Although phrased as equitable tolling arguments, petitioner raises two possible bases upon which to delay the commencement of the limitations period. First, he presents a claim based on *Halbert*, which was not decided until 2005. Second, he presents a claim that the prosecution suppressed exculpatory evidence. The Court should conclude that petitioner is not entitled to a delayed commencement of the limitations period for either claim.

    *a. Delayed Commencement Based on <u>Halbert</u>*

The Michigan Constitution was amended in 1994 by the adoption of Proposal B to provide, in relevant part, that "except as provided by law an appeal by an accused who pleads guilty or nolo contendere shall be by leave of court." MICH. CONST. art. I, § 20. Pursuant to this provision, Michigan courts, in most cases, began to deny indigent defendants appointed counsel to pursue applications for leave to appeal from plea-based convictions, a practice subsequently codified by the Michigan legislature. *See Kowalski v. Tesmer*, 543 U.S. 125, 127 (2004); MICH. COMP. LAWS § 770.3a. Consistent with this state practice, the trial court denied petitioner's initial requests for appointment of appellate counsel. However, in *Halbert v. Michigan*, 545 U.S. 605 (2005), the Court held that this practice of denying counsel for the preparation of an application for "first-tier" appellate review was unconstitutional. Petitioner contends that the state courts' failure to appoint counsel to pursue appellate remedies violates *Halbert*.

Under § 2244(d)(1)(C), the statute of limitations may commence on "the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review." However, petitioner cannot benefit from this provision

with respect to his *Halbert* claim. The right recognized in *Halbert* constitutes a "new rule," *see Simmons v. Kapture*, 516 F.3d 450, 451 (6th Cir. 2008) (*Simmons II*) (en banc), however the rule has not been made retroactively applicable to cases on collateral review. On the contrary, in *Simmons* the en banc Sixth Circuit concluded that *Halbert* does not apply retroactively to cases on collateral review. *See Simmons II*, 516 F.3d at 451, *adopting Simmons v. Kapture*, 474 F.3d 869, 879-88 (6th Cir. 2007) (Reeves, J., dissenting) (*Simmons I*). Because *Halbert* does not apply retroactively to cases on collateral review, it does not provide a basis for delayed commencement of the limitations period under § 2244(d)(1)(C). *See Alfiero v. Warren*, No. 2:07-CV-14653, 2009 WL 3388607, at *5 (E.D. Mich. Oct. 16, 2009) (Tarnow, J.); *Hamilton*, 2009 WL 804160, at *3; *McElwain v. Burt*, No. 1:05-cv-828, 2009 WL 579388, at *2 (W.D. Mich. Mar. 5, 2009); *Neafer v. Davis*, No. 07-14561, 2008 WL 5423026, at *2 (E.D. Mich. Dec. 11, 2008) (Lawson, J.).

Nor does *Halbert* entitle petitioner to a delayed starting of the limitations period under § 2244(d)(1)(B). Under § 2244(d)(1)(B), the limitations period commences on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." The Sixth Circuit, however, has concluded that the failure to appoint appellate counsel as required by *Halbert* does not constitute a state created impediment to filing. Rejecting a petitioner's argument that the failure to appoint appellate counsel as required by *Halbert* entitled him to delayed starting under § 2244(d)(1)(B), the court explained:

> [E]ven if the denial of appointed counsel impeded [petitioner's] pursuit of *direct* review, it did not obstruct his quest for *collateral* federal habeas relief–and that is the relevant question. [Petitioner] has no constitutional right to have the assistance of counsel in bringing a collateral action challenging his conviction, and thus this argument offers no basis for sidestepping the one-year bar.

7

*Inglesias v. Davis*, No. 07-1166, 2009 WL 875574, at *1 (6th Cir. Jan. 12, 2009); *see also*, *Hamilton v. Berghuis*, No. 07-15391, 2009 WL 804160, at *3 (E.D. Mich. Mar. 25, 2009) (Murphy, J.); *cf. Miller v. Cason*, 49 Fed. Appx. 495, 497 (6th Cir. 2002) (state's failure to give notice to petitioner of his appeal rights and to appoint appellate counsel did not constitute a state created impediment under § 2244(d)(1)(B) because "[a]lthough these actions may have interfered with [petitioner's] direct appeal in the state courts . . . [petitioner] has failed to explain how the actions prevented him from filing his federal habeas corpus petition until 2001."). Thus, petitioner is not entitled to delayed commencement of the limitations period based on *Halbert*.[4]

### b. Delayed Commencement Based on Suppression of Evidence

Petitioner also contends that the state suppressed exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The Court should conclude that these allegations do not entitle petitioner to invoke § 2244(d)(1)(B) or (D).

"In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). "'Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition.'" *Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003) (quoting *Dunker v. Bissonnette*, 154 F. Supp. 2d

---

[4]Further, even assuming that petitioner were entitled to delayed commencement of the limitations period based on *Halbert*, his application would nevertheless be untimely. *Halbert* was decided on June 23, 2005, and thus under either § 2244(d)(1)(B) or (C) the limitations period would have commenced on that date. Petitioner filed his motion for appointment of counsel on August 5, 2005, 43 days later. Assuming that the state court proceedings in connection with this motion toll the limitations period under § 2244(d)(2), that tolling ended on June 23, 2008, when the Michigan Supreme Court denied his application for leave to appeal. From June 23, 2008, until petitioner gave his application to prison officials for mailing on June 1, 2009, an additional 342 days elapsed on the limitations clock. Thus, a total of 385 days, or 20 days beyond the one-year period, elapsed.

95, 105 (D. Mass. 2001). Thus, to invoke this provision a petitioner must "'allege facts that establish that he was so inhibited by the state's action that he was unable to file and state a legal cause of action before the limitations period expired." *Winfield*, 66 Fed. Appx. at 583 (quoting *Neuendorf v. Graves*, 110 F. Supp. 2d 1144, 1153 (N.D. Iowa 2000) (internal quotation omitted)). As another court has recently explained: "Section 2244(d)(1)(B) pertains only to state-imposed impediments that prevent prisoners from filing a *federal* petition for a writ of habeas corpus. [Petitioner] cites no authority–nor has the court's own research revealed any–to support the conclusion that an impediment to filing a petition for review in state court constitutes an impediment to filing a federal habeas petition, within the meaning of section 2244(d)(1)(B)." *United States ex rel. Willhite v. Walls*, 241 F. Supp. 2d 882, 886-87 (N.D. Ill. 2003). Further, as noted above, in order to be entitled to the benefit of § 2244(d)(1)(B), petitioner must show not only that the state created an impediment to the filing of his petition, but also that the impediment was itself unconstitutional. *See Dunker*, 154 F. Supp. 2d at 104-05.

Petitioner's *Brady* claim is based on the alleged suppression of an addendum to the outpatient psychological evaluation prepared by Dr. Thomas D. Shazer, and dated August 24, 1995. *See* Pet., Ex. I  This addendum, as did Dr. Shazer's initial report, was prepared to evaluate petitioner's competence to stand trial. However, petitioner has made no showing that this addendum constituted material, exculpatory evidence under *Brady*. The addendum contains additional information provided to Dr. Shazer by petitioner, but nevertheless concludes, as did Dr. Shazer's initial report, that petitioner was competent to stand trial. As explained by the trial court in denying petitioner's motion for substitute counsel, the addendum did not provide any "material exculpatory evidence;" rather, "[t]he Addendum simply provides a more comprehensive biographical history of

the Defendant and its contents do not conflict with the [Center for Forensic Psychiatry's] ultimate conclusion that Defendant was legally competent." *People v. Hoss*, No. 95-010861-FH-2 (Saginaw County, Mich., Cir. Ct. Feb. 15, 2006), at 2-3. And any biographical information in the addendum was known to petitioner, as it was reported to Dr. Shazer by petitioner. Thus, the addendum was not suppressed material, exculpatory evidence.

Moreover, petitioner does not indicate on what date he obtained a copy of the addendum in order to otherwise determine the timeliness of the petition. At the absolute latest, petitioner had the report in his possession at the time he filed his motion for appointment of counsel, because the claim was included in that motion. As noted above, *see supra* note 4, 342 days elapsed between the time the Michigan Supreme Court denied petitioner's application for leave to appeal and the time petitioner filed his habeas application. Thus, if petitioner knew about the addendum a mere 24 days prior to filing his request for counsel his petition would be untimely. And it is likely that petitioner in fact had the addendum well before that, given that this formed the basis of his request for counsel and his subsequent dissatisfaction with counsel's assistance. In any event, the date on which petitioner discovered the addendum "is crucial, because the one year limitations period would commence on this date. Because petitioner bears the initial burden of at least pleading the date on which he discovered the factual predicate of his claim, [petitioner's] failure [to identify this date] alone would justify a rejection of petitioner's argument." *Jackson v. Hofbauer*, No. 05-CV-74916-DT, 2007 WL 391405, at * (E.D. Mich. Jan. 31, 2007) (Cleland, J., adopting report of Komives, M.J.) (citing *Barrett v. Patrick*, No. 05-370J, 2006 WL 2077019, at *4 (W.D.Pa. July 24, 2006)); *see also*, *Bates v. Warren*, No. 05-72772, 2010 WL 1286206, at *8 (E.D. Mich. Mar. 30, 2010) (Hood, J.); *Redmond v. Jackson*, 295 F. Supp. 2d 767, 773 (E.D. Mich. 2003) (Gadola, J.)

10

("Because Petitioner does not indicate when he discovered the factual predicate of his claims, the Court is unable to determine when the one-year period would commence pursuant to § 2244(d)(1)(D)."). Accordingly, the Court should conclude that petitioner is not entitled to a delayed commencement based on his *Brady* claim.

    2.    *Equitable Tolling*

Petitioner also argues that he is entitled to equitable tolling of the limitations period for a number of reasons. Specifically, he contends that he is entitled to equitable tolling because he was unaware of his right to appeal and to file a writ of habeas corpus, is proceeding *pro se*, suffers from a mental illness, and is actually innocent. The Court should conclude that petitioner is not entitled to equitable tolling of the limitations period.

To be entitled to equitable tolling of the limitations period, petitioner "must show '(1) that he had been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Here, petitioner has failed to point to any extraordinary circumstance which prevented timely filing. To the extent he is relying on his *pro se* status or lack of knowledge of the law, these provide no basis for equitable tolling. The Courts have uniformly held that neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute extraordinary circumstances justifying equitable tolling. Nor does his *pro se* status at the time of he filed his motion for relief from judgment provide a basis for equitable tolling. *See Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Rodriguez*

11

*v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (Rosen, J.). Nor is petitioner entitled to equitable tolling merely because he raises important constitutional claims. The very existence of a statute of limitations presupposes that meritorious claims will not be considered when they are not diligently pursued. *See Steele v. United States*, 599 F.2d 823, 828-29 (7th Cir. 1979). For this reason, "[t]he tolling exception is not an open-ended invitation to the courts to disregard limitation periods simply because they bar what may be an otherwise meritorious cause." *School Dist. of the City of Allentown v. Marshall*, 657 F.2d 16, 20 (3d Cir. 1981). Thus, neither the importance nor the merit of petitioner's constitutional claims provides a basis for equitably tolling the limitations period. *See Rouse v. Lee*, 339 F.3d 238, 251-52 (4th Cir. 2003) (en banc).

Petitioner also cannot show that he is entitled to equitable tolling based on his alleged mental illness. A petitioner's mental impairments, if sufficiently severe to have prevented him from filing his habeas petition, may provide a legally sufficient basis for equitable tolling of the limitations period. *See Brown v. McKee*, 232 F. Supp. 2d 761, 767-68 (E.D. Mich. 2002); *cf. Gray v. Potter*, 115 Fed. Appx. 891, 894 (7th Cir. 2004) ("A plaintiff whose mental or physical impairment prevents her from complying with the statute of limitations may invoke equitable tolling."). However, the mere existence of a mental impairment does not provide a basis for equitable tolling. "[M]ental incompetence is not a per se reason to toll a statute of limitations." *McSwain v. Davis*, 287 Fed. Appx. 450, 456 (6th Cir. 2008). Rather, "petitioner has the burden to show that these health problems rendered him unable to pursue his rights during the one-year time period." *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 173 (S.D.N.Y.2000); *see also*, *McSwain*, 287 Fed. Appx. at 456 ("In order to be entitled to equitable tolling the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected her ability to file

a timely habeas petition."); *Brown*, 232 F. Supp. 2d at 768; *cf. Zillyette v. Capital One Financial Corp.*, 1 F. Supp. 2d 1435, 1441 (M.D. Fla. 1998) ("[M]ental incompetency will toll the filing period only upon the demonstration of exceptional circumstances which would lead the court to conclude that Plaintiff could not have pursued her claim in a timely manner."), *aff'd*, 179 F.3d 1337 (11th Cir. 1999); *Moody v. Bayliner Marine Corp.*, 664 F. Supp. 232, 237 (E.D.N.C. 1987) (equitable tolling available only when plaintiff is so incapacitated that he was "incapable of filing any claim within the requisite time periods.").

Here, petitioner has failed to show that his mental condition affected his ability to timely file his habeas petition. First, the evidence of mental impairment provided by petitioner does not of its own force suggest a mental impairment sufficiently severe to prevent petitioner from timely filing his habeas application. Prior to his plea, petitioner was diagnosed by Dr. Shazer as suffering from substance dependence disorder and antisocial personality disorder. Dr. Shazer also noted that petitioner may have been suffering from a depressive disorder. None of these disorders are generally of the type that would so incapacitate petitioner as to make him incapable of pursing his legal remedies. Petitioner's argument as to his incompetence at the time of the crime and plea is based on his argument that he was suffering from adverse side-effects caused by taking Wygesic and Flexeril at the same time. However, nothing in the record suggests, and petitioner does not assert, that he continued taking these medications together once he was incarcerated. And indeed, Dr. Shazer diagnosed petitioner's substance dependence disorder as being in partial remission prior to the plea. Petitioner's contentions do not suggest the type of severe cognitive deficits which would prevent a prisoner from timely filing a habeas petition.

Second, despite petitioner's alleged mental incapacity, he pursued a number of state post-

13

conviction remedies, filing a motion for relief from judgment and numerous other motions and pleadings in the state courts, as well as appeals from the trial court's orders on these motions. Thus, "the record evidence indicates [petitioner] was able to pursue both direct and collateral challenges to [his] conviction in the state courts notwithstanding [his] mental illness." *McSwain*, 287 Fed. Appx. at 457 (citing *Bilbrey v. Douglas*, 124 Fed. Appx. 971, 973 (6th Cir. 2005) (disallowing equitable tolling on the basis of mental incapacity where the habeas petitioner had pursued state court litigation even during the periods when her mental condition was the most impaired); *Price v. Lewis*, 119 Fed. Appx. 725, 726-27 (6th Cir.2005) (disallowing equitable tolling based on mental illness where the habeas petitioner had actively pursued his claims during the limitations period)); *see also*, *Brown*, 232 F. Supp. 2d at 768. Accordingly, the Court should conclude that petitioner is not entitled to equitable tolling of the limitations period based on his alleged mental disability.

Finally, the Court should conclude that petitioner is not entitled to habeas relief based on his claim of actual innocence. The Sixth Circuit has held that the actual innocence exception, which allows a court to review the merits of a habeas claim notwithstanding a procedural default, likewise exists for the habeas statute of limitations. *See Souter v. Jones*, 395 F.3d 577, 598-602 (6th Cir. 2005). In order to be entitled to the actual innocence exception, a petitioner must present "new and reliable evidence that was not presented at trial" that "show[s] that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 299 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327 (internal citation and quotation omitted). It is not sufficient to show merely that the evidence raises a reasonable doubt which did not otherwise exist. *See id*. at 329 ("The

meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in light of the new evidence, but rather that no reasonable juror would have found the defendant guilty."). "Examples of evidence which may establish factual innocence include credible declarations of guilt by another, trustworthy eyewitness accounts, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996) (citations omitted); *accord Schlup*, 513 U.S. at 324 (referring to "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"). *See generally*, *Souter*, 395 F.3d at 589-90.

Here, petitioner does not point to any new, reliable evidence that he is actually innocent of the charges against him. Petitioner contends that he was insane at the time of the crime by virtue of the side effects of taking Wygesic and Flexeril at the same time. However, other than his own say-so petitioner has presented no evidence that he was in fact taking those drugs at the time of the crime. Further, his only support for his claim is an unsigned letter, attached to his application, from a doctor M. David Sutton, which indicated that taking either of these drugs can lead to "dysphoric effects and unusual emotional reactions." The letter also states, however that Dr. Sutton has not observed any of his own patients taking these drugs in combination, and nothing in the letter speaks to whether petitioner himself was suffering from these effects at the time of the crime. Thus, even if this unsigned letter were otherwise competent evidence, *but see Fields v. Vaughn*, No. 3:08cv844, 2009 WL 2959754, at *8 (E.D. Va. Sept. 15, 2009) (unsigned and unsworn letter does not constitute new *reliable* evidence), it does not provide the type of new, reliable evidence which establishes petitioner's actual innocence. Accordingly, the Court should conclude that petitioner is not entitled to equitable tolling of the limitations period.

C.     *Recommendation Regarding Certificate of Appealability*

1. *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254

Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id*., advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2. *Analysis*

Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*. at 486.

If the Court accepts the foregoing recommendation, petitioner cannot show that the Court's ruling on the procedural question is reasonably debatable. As noted above, the state court record

17

and petitioner's habeas application make clear that petitioner's application is not timely under § 2244(d), and petitioner does not dispute that he failed to comply with the limitations provision. The resolution of petitioner's equitable tolling argument is not reasonably debatable in light of petitioner's failure to provide any basis for concluding that an extraordinary circumstance stood in the way of his timely filing his petition, or any new, reliable evidence of actual innocence. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

D.  *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the Court should grant respondent's motion for summary judgment and dismiss the petition. If the Court accepts this recommendation, the Court should deny a certificate of appealability..

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                              s/Paul J. Komives
                                              PAUL J. KOMIVES
                                              UNITED STATES MAGISTRATE JUDGE

Dated: 5/21/10

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on May 21, 2010.
>
>                               s/Eddrey Butts
>                               Case Manager